1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>KING COUNTY WASHINGTON, a Washington municipal corporation; PIONEER HUMAN SERVICES, a Washington non-profit corporation; CARI DICKSON, a single woman; and TARA KANE, a single woman,<br><br>               Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") by and through its counsel, Forsberg & Umlauf, P.S., alleges as follows:

## I. **INTRODUCTION AND NATURE OF ACTION**

In this declaratory relief action, Philadelphia seeks the following relief:

1.1     A declaration of the rights, duties, and liabilities of Philadelphia under the policies of insurance it issued to Pioneer Human Services ("Pioneer") and for which Certificates of

Liability Insurance ("COI") were issued in favor of King County, Washington ("King County"),[1] with respect to the lawsuit jointly filed by claimants Cari Dickson and Tara Kane against King County and Pioneer Human Services.

    1.2    A declaration that Philadelphia is not obligated to pay for or reimburse King County for either a defense or indemnity in the lawsuit jointly filed by claimants Cari Dickson and Tara Kane against King County and Pioneer Human Services.

## II.  PARTIES

    2.1    Philadelphia is a Pennsylvania insurance corporation with its principal place of business in Bala Cynwyd, Pennsylvania.  Philadelphia is authorized to do business and is doing business in the state of Washington.

    2.2    Defendant King County is a Washington municipal corporation with its principal offices located in Seattle, King County, Washington.

    2.3    Defendant Pioneer is a Washington non-profit corporation with its principal offices located in Seattle, King County, Washington.

    2.4    Upon information and belief, Defendant Cari Kim Dickson is a single woman who, at the time of the events alleged in this Complaint, was believed to have resided in King County,

---

[1] The COI involving the claims of Cara Dickson names the Certificate Holder as "King County Mental Health, Chemical Abuse & Dependency Services Division, 401 Fifth Avenue, #400, Seattle, WA 98104-1598."  The Description of Operations/Locations/Vehicles states:  "King County, Its officers, officials, employees, and agents are included as Additional Insureds as respects to General Liability, arising out of activities performed by or on behalf of the Agency when required by contract.  General Liability policy shall be Primary and Non-Contributory."

The COI involving the claims of Tara Kane names the Certificate Holder as "King County Mental Health, Chemical Abuse & Dependency Services Division, 401 Fifth Avenue, #400, Seattle, WA 98104-1598."  The Description of Operations / Locations / Vehicles states:  "King County, Its officers, officials, employees, and agents are included as Additional Insureds as respects to General Liability, arising out of activities performed by or on behalf of the Agency when required by contract.  General Liability policy shall be Primary and Non-Contributory."

Complaint for Declaratory Judgment – 2

3170026 / 1046.0013

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   Washington.  She is a Licensed Practical Nurse who was, at the times alleged in this Complaint,

2   an employee of Pioneer.

3       2.5     Upon information and belief, Defendant Tara Kane, PMHNP-BC, PNP is a single

4   woman who, at the time of the events alleged in this Complaint, was believed to have resided in

5   King County, Washington.  She is a Psychiatric / Mental Health Nurse Practitioner who was, at

6   the times alleged in this Complaint, an employee of Pioneer.

7                           III.  <u>JURISDICTION AND VENUE</u>

8       3.1     Pursuant to 28 U.S.C. §2201, this Court has subject matter jurisdiction over this

9   declaratory judgment action because an actual justiciable controversy exists between the parties

10   within the Court's jurisdiction.  This action involves a dispute about the application of insurance

11   coverage for a Complaint jointly filed by claimants Cari Dickson and Tara Kane against King

12   County and Pioneer Human Services arising from their work for Pioneer in a King County Drug

13   Court Program for Assertive Community Treatment ("PACT") team.

14       3.2     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C.

15   §1332 because it involves an action between citizens of different states and the amount in

16   controversy is more than $75,000.00.  The commercial general liability policies at issued in this

17   action for declaratory relief have liability limits of $1,000,000 per occurrence and $3,000,000 in

18   the aggregate for the type of damages claimed by Cari Dickson and Tara Kane against King County

19   and Pioneer Human Services in the underlying Lawsuit.

20       3.3     This Court has personal jurisdiction over the Parties because:  (1) Philadelphia is a

21   foreign corporation doing business in the state of Washington and issued policies of insurance

22   within the state of Washington; (2) King County is a Washington Municipal Corporation located

23   in and with its principal office in Seattle, King County, Washington; (3) Cari Kim Dickson was

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    employed as Licensed Practical Nurse with Pioneer and claims injuries associated with her

2    employment with Pioneer in Seattle, King County, Washington; and (4) Tara Kane was employed

3    as a Psychiatric / Mental Health Nurse Practitioner with Pioneer and claims injuries associated

4    with her employment with Pioneer in Seattle, King County, Washington.

5           3.4     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because:  (1) King

6    County because is a Washington Municipal Corporation located in and with its principal office in

7    Seattle, King County, Washington; (2) Defendant Cari Dickson Defendant works in and is believed

8    to reside in King County, Washington; (3) Tara Kane worked in and was believed to reside in King

9    County, Washington; (4) the liability insurance policies at issue in this matter were issued to

10   Pioneer in Seattle, King County, Washington, and the COIs issued to King County were issued

11   and delivered to King County in Seattle, King County, Washington; and (5) the acts and events

12   from which the claims of Cari Dickson and Tara Kane against King County and Pioneer arose

13   occurred in Seattle, King County, Washington, which is within the judicial district of the United

14   States District Court for the Western District of Washington.

15                          IV.  **STATEMENT OF PERTINENT FACTS**

16   A.     **Background Facts Surrounding Certificate of Insurance in Favor of King County**

17          4.1     On or about October 27, 2021, claimant Cari Kim Dickson served on King County

18   Risk Management a Claim for Damages arising out of an incident that occurred on February 19,

19   2021, while she was employed by Pioneer.

20          4.2     On or about December 8, 2021, claimant Tara Kane served on King County Risk

21   Management a Claim for Damages arising out of an incident that occurred on February 19, 2021,

22   while she was employed by Pioneer.

23

Complaint for Declaratory Judgment – 4

3170026 / 1046.0013

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4.3     King County and Pioneer entered into a King County Community and Human Services Contract whereby Pioneer was to provide certain drug testing and treatment services to King County and the King County Drug Court.  That contract required Pioneer to (1) hold harmless and indemnify King County, its officer, employees and agents from claims or judgments arising out of or resulting from the negligent acts or omissions of Pioneer or its officers, employees and agent; (2) to waive, as respects King County only, any immunity that would otherwise be available against such claims under RCW Title 51 (Workers Compensation Act); and (3) to obtain and maintain insurance against claims for injuries to persons or damage to property which may arise from, or in connection with, the performance of work by Pioneer, its agents, representatives, employees, and/or subcontractors and to furnish certificates of insurance and policy endorsements adding King County as an additional insured under such insurance policy.  Pioneer secured insurance coverage with Philadelphia.

4.4     A Certificate of Insurance ("COI") was issued on September 14, 2020, in favor of King County, its officers, officials, employees, and agents as Additional Insured with respect to General Liability arising out of activities performed by or on behalf of King County under the above contract.  That COI identified the following policies issued to Pioneer:

| Policy No. | Policy Type | Policy Year | Limits of Insurance |
|---|---|---|---|
| PHPK2179413 | Commercial General Liability Policy | 09/15/20 - 09/15/21 | $1,000,000 each occurrence $3,000,000 General Aggregate |
| PHPK2179413 | Automobile Liability | 09/15/20 - 09/15/21 | $1,000,000 Combined Single Limit |
| PHUB737970 | Umbrella Liability Policy | 09/15/20 - 09/15/21 | $10,000,000 each occurrence $10,000,000 aggregate |
| PHPK2179413 | Professional Liability | 09/15/20 - 09/15/21 | $1,000,000 Occurrence $3,000,000 Aggregate |

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4.5     A Certificate of Insurance ("COI") was issued on September 17, 2018, in favor of King County, its officers, officials, employees, and agents as Additional Insured with respect to General Liability arising out of activities performed by or on behalf of King County under the above contract.  That COI identified the following policies issued to Pioneer:

| Policy No. | Policy Type | Policy Year | Limits of Insurance |
|---|---|---|---|
| PHPK1880265 | Commercial General Liability Policy | 09/15/18 - 09/15/19 | $1,000,000 each occurrence $3,000,000 General Aggregate |
| PHPK1880265 | Automobile Liability | 09/15/18 - 09/15/19 | $1,000,000 Combined Single Limit |
| PHUB737970 | Umbrella Liability Policy | 09/15/18 - 09/15/19 | $10,000,000 each occurrence $10,000,000 aggregate |
| PHPK1880265 | Professional Liability | 09/15/18 - 09/15/19 | $1,000,000 Occurrence $3,000,000 Aggregate |

4.6     The COIs contain the following language:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.  THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

The COIs go on to provide as follows:

> IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed.  IF SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

4.7     The COIs also provide as follows:

> THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE

Complaint for Declaratory Judgment – 6

3170026 / 1046.0013

LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

4.8     The Policy issued to Pioneer for the 2020-2021 policy period under Policy No. PHPK2179413 lists as an Additional Insured under the Additional Insured Schedule:

King County Drug Court
516 Third Avenue, #E-609
Seattle, WA 98104-2363

CG2026 – WA – Loc #ALL – LIABILITY DELUXE

4.9     The Policy issued to Pioneer for the 2018-2019 policy period under Policy No. PHPK1880265 lists as an Additional Insured under the Additional Insured Schedule:

King County Drug Court
516 Third Avenue, #E-609
Seattle, WA 98104-2363

CG2026 – WA – Loc #ALL – LIABILITY DELUXE

4.10    The Policies also contain the following Additional Insured Endorsement:

**ADDITIONAL INSURED**

**PRIMARY AND NON-CONTRIBUTORY INSURANCE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name Of Additional Insured Person(s) Or Organization(s):**

Complaint for Declaratory Judgment – 7

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

**King County, its officers, officials, employees and agents, as required by written contract. King County Drug Court**

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A.    **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1.    In the performance of your ongoing operations: or

2.    In connection with your premises owned by or rented to you.

However:

**1.**    The insurance afforded to such additional insured only applies to the extent permitted by law; and

**2.**    If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B.    **With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1.    Required by the contract or agreement; or

2.    Available under the applicable Limits of Insurance shown in the Declarations;

Whichever is less.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

> This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

4.11    The Additional Insured endorsements modify the Commercial General Liability Coverage Form and includes King County as an additional insured with respect to the CGL coverages only.   King County is not an additional insured under the Professional Liability coverages issued to Pioneer, nor is King County an additional insured under the separate Claims-Made Human Services Organization Professional Liability coverage because no Additional Insured endorsement was requested or issued naming King County as an additional insured with respect to those coverages.

4.12    On or about March 1, 2022, Ms. Dickson and Ms. Kane jointly filed a Complaint for Personal Injuries and Damages styled as *Cari Dickson, individually, and Tara Kane, individually v. King County, individually, and Pioneer Human Services, individually,* Pierce County Superior Court Cause No. 22-2-04981-8 ("Complaint").

4.13    Philadelphia has no documentation or evidence that any representations were made to King County that it was an additional insured under any Professional Liability Coverage or under the separate Sexual or Physical Abuse or Molestation Claims Made Liability Coverage for the policy years 2020-21 or 2018-2019.

**B.    <u>The Underlying Claims of Tara Kane</u>**

4.14    In her statutorily required Claim for Damages as a prerequisite to filing suit against King County, Ms. Dickson alleged that she is a Licensed Practical Nurse ("LPN") who was hired by Pioneer in 2019.  Ms. Dickson claims she was assigned to work on a King County Program for Assertive Community Treatment ("PACT") team involving drug testing and treatment services to clients of the King County program.

Complaint for Declaratory Judgment – 9

3170026 / 1046.0013

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.15     Ms. Dickson alleged Pioneer's PACT team  failed to comply with "Marty's Law," RCW 71.05.700,[2] and that Pioneer routinely ignored this safety measure, sending out workers alone to the homes of seriously mentally ill clients.  Ms. Dickson further alleged on February 19, 2021, Pioneer sent her to a PACT client's residence alone, without being informed of the PACT client's violent history.  On that visit, Ms. Dickson alleges the PACT client sexually assaulted and nearly raped her.

4.16     In her Claim for Damages to King County, Ms. Dickson alleges the following causes of action:  (1) Statutory violation of RCW 71.05.700; (2) Negligent hiring, supervision, and training; (3) Negligence; (4) Negligence – special relationship; (5) Negligence – Risk of intentional or criminal conduct; (6) Negligent infliction of emotional distress; (7) State created danger; (8) Civil rights violation based on gender-based discrimination; and (9) Civil rights violation based on deliberate indifference.  The Damages claimed by Ms. Dickson are between $2M and $5M.

4.17     In her statutorily required Claim for Damages as a prerequisite to filing suit against King County and in her Complaint, Ms. Kane alleged she is a Psychiatric / Mental Health Nurse Practitioner who was hired by Pioneer in 2019.  Ms. Kane claims she was assigned to work on a King County Program for Assertive Community Treatment ("PACT") team involving drug testing and treatment services to clients of the King County program.

---

[2]RCW 71.05.700 provides:  "No designated crisis responder or crisis intervention worker shall be required to respond to a private home or other private location to stabilize or treat a person in crisis, or to evaluate a person for potential detention under the state's involuntary treatment act, unless a second trained individual, determined by the clinical team supervisor, on-call supervisor, or individual professional acting alone based on a risk assessment for potential violence, accompanies them.  The second individual may be a law enforcement officer, a mental health professional, a mental health paraprofessional who has received training under RCW 71.05.715, or other first responder, such as fire or ambulance personnel.  No retaliation may be taken against a worker who, following consultation with the clinical team, refuses to go on a home visit alone."

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.18    Ms. Kane alleged Pioneer's PACT team failed to comply with "Marty's Law," RCW 71.05.700,[3] and that Pioneer routinely ignored this safety measure, sending out workers alone to the homes of seriously mentally ill clients.  Ms. Kane further alleged that during the course of her work on the PACT Team, she was sexually assaulted, stalked, assaulted, threated, and sexually harassed by Pioneer PACT clients.

4.19    In her Claim for Damages to King County, Ms. Kane alleged the following causes of action:  (1) Statutory violation of RCW 71.05.700; (2) Negligent hiring, supervision, and training; (3) Negligence; (4) Negligence – special relationship; (5) Negligence – Risk of intentional or criminal conduct; (6) Negligent infliction of emotional distress; (7) State created danger; (8) Civil rights violation based on gender-based discrimination; and (9) Civil rights violation based on deliberate indifference.  The Damages claimed by Ms. Kane are between $1 Million and $2 Million.

4.20    In her Complaint, Ms. Kane asserts additional claims against both Pioneer and King County for employment-based claims relating to retaliation and gender-based employment discrimination issues under the Washington Law Against Discrimination ("WLAD"), RCW 49.60, 010, *et seq.*, and under 42 U.S.C. §1983.  (*See* Complaint, at 20-22, ¶¶ 62-70.)

---

[3]RCW 71.05.700 provides:  "No designated crisis responder or crisis intervention worker shall be required to respond to a private home or other private location to stabilize or treat a person in crisis, or to evaluate a person for potential detention under the state's involuntary treatment act, unless a second trained individual, determined by the clinical team supervisor, on-call supervisor, or individual professional acting alone based on a risk assessment for potential violence, accompanies them.  The second individual may be a law enforcement officer, a mental health professional, a mental health paraprofessional who has received training under RCW 71.05.715, or other first responder, such as fire or ambulance personnel.  No retaliation may be taken against a worker who, following consultation with the clinical team, refuses to go on a home visit alone."

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

C.     **The Insurance Policies at Issue**

4.21    Philadelphia issued to Pioneer CGL Policy No. PHPK2179413, with effective dates of September 15, 2020, to September 15, 2021.

4.22    Philadelphia also issued to Pioneer CGL Policy No. PHPK18802265, with effective dates of September 15, 2018, to September 15, 2019.

4.23    The two CGL Policies identified above contain identical CGL policy language [Form CG 00 01 04 13], beginning at page 1 of 16, and contains the following relevant insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

     **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insuredagainst any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion investigate any "occurrence" and  settleany claim or "suit" that may result.  But:

        **(1)**      The amount we will pay for damages is limited as  described in Section **III** – Limits Of Insurance; and

        **(2)**      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

\*\*\*

**2.** **Exclusions**

This insurance does not apply to:

Complaint for Declaratory Judgment – 13

3170026 / 1046.0013

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

a.   **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.   **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contractor or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.   Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";and

(b)   Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1.      **Insuring Agreement**

    a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.  But:

        (1)      The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        (2)      Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    b.      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2.      **Exclusions**

This insurance does not apply to:

    a.      **Knowing Violation Of Rights Of Another**

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1

2

…

3    **e.    Contractual Liability**

4         "Personal and advertising injury" arising out of oral
         or written publication of material whose first
5         publication took place before the beginning of the
         policy period.

6    **f.    Breach of Contract**

7         "Personal and advertising injury" arising out of a
         breach of contract, except an implied contract to use
8         another's advertising idea in your "advertisement".

9    4.24    Both CGL Policies issued to Pioneer also contain the following additional

10   endorsement [Form PI-GLD-HS (10/11)] that revises the terms of the policy:

11   **GENERAL LIABILITY DELUXE ENDORSEMENT:**

12   **HUMAN SERVICES**

13   This endorsement modifies insurance provided under the following:

14   **COMMERCIAL GENERAL LIABILITY COVERAGE**

15   It is understood and agreed that the following extensions only apply
     in the event that no other specific coverage for the indicated loss
16   exposure is provided under this policy.   If such specific coverage
     applies, the terms, conditions and limits of that coverage are the sole
17   and exclusive coverage applicable under this policy, unless
     otherwise noted on this endorsement.  The following is a summary
18   of the Limits of Insurance and additional coverages provided by this
     endorsement.   For complete details on specific coverages, consult
19   the policy contract wording.

20   ***

21   **A.    Extended Property Damage**

22   **SECTION I – COVERAGES, COVERAGE A BODILY
     INJURY AND PROPERTY DAMAGE LIABILITY**,
23   Subsection **2. Exclusions**, Paragraph **a.** is deleted in its

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

entirely and replaced by the following:

a.      **Expected or Intended Injury**

"Bodily injury" or property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*\*\*

L.      **Additional Insureds**

**SECTION II – WHO IS AN INSURED** is amended as follows:

1.      If coverage for newly acquired or formed organizations is not otherwise excluded from this Coverage Part, Paragraph **3.a.** is deleted in its entirely and replaced by the following:

a.      Coverage under this provision is afforded until the end of the policy period.

2.      Each of the following is also an insured:

…

k.      **As Required by Contract** – Any person or organization where required by a written contract executed prior to the occurrence of a loss.  Such person or organization is an additional insured for "bodily injury," "property damage" or "personal and advertising injury" but only for liability arising out of the negligence of the named insured.  The limits of insurance applicable to these additional insureds are the lesser of the policy limits or those limits specified in a contract or agreement.  These limits are included within and not in addition to the limits of insurance shown in the Declarations.

\*\*\*

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

1

2   **m.   State or Political Subdivisions –** Any state
3   or political subdivision as required, subject to
    the following provisions:

4   (1)   This insurance applies only with
5   respect to operations performed by
    you or on your behalf for which the
    state or political subdivision has
6   issued a permit, and is required by
    contract.

7   (2)   This insurance does not apply to:

8   (a)   "Bodily injury," "property
9   damage: or "personal and
    advertising injury" arising out
    of operations performed for
10   the state or municipality; or

11   (b)   "Bodily injury" or "property
    damage" included within the
12   "products-completed
    operations hazard."

13

**R.   Personal and Advertising Injury – Abuse of Process,**
14   **Discrimination**

15   If **COVERAGE B PERSONAL AND ADVERTISING
    INJURY LIABILITY COVERAGE** is not otherwise
16   excluded from this Coverage Part, the definition of "personal
    and advertising injury" is amended as follows:

17

18   **1.   SECTION V – DEFINITIONS**, Paragraph 14.b. is
    deleted in its entirety and replaced by the following:

19   b.   Malicious prosecution or abuse of process;

20   4.25   Both CGL Policies contain the following exclusion [Form PI-SAM-006 (01/17)]

21   which precludes coverage arising out of the CGL Coverage Part:

22   **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE
    READ IT CAREFULLY.**

23

---

Complaint for Declaratory Judgment – 18

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

3170026 / 1046.0013

**ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**:

This insurance does not apply to any injury sustained by any person arising out of or resulting from the alleged, actual or threatened abuse or molestation by anyone.

We shall not have any duty to defend any "suit" against any insured seeking damages on account of any such injury.

This exclusion applies to all injury sustained by any person, including emotional distress, arising out of molestation or abuse whether alleged, actual or threatened including but not limited to molestation or abuse arising out of your negligence or other wrongdoing with respect to:

**1.**     Hiring, placement, employment, training;

**2.**     Investigation;

**3.**     Supervision;

**4.**     Reporting any molestation or abuse to the proper authorities, or failure to so report; or

**5.**     Retention;

of a person for whom any insured is or ever was legally responsible or for whom any insured may have assumed the liability; and whose conduct would be excluded above.

4.26     The following exclusion [Form CG 01 97 12 07] applies to exclude from CGL coverage employment-related practices claims in both Philadelphia Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK1880265 (9/15/2018 to 9/15/2019):

Complaint for Declaratory Judgment – 19

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

**WASHINGTON CHANGES – EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2., Exclusions** of **Coverage A – Bodily Injury And Property Damage Liability (Section I – Coverages):**

This insurance does not apply to:

"Bodily injury" to:

**1.**     A person arising out of any:

      **a.**     Refusal to employ that person;

      **b.**     Termination of that person's employment;  or

      **c.**     Employment-related practices, policies,  acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**2.**     The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment- related practices described in Paragraphs **a., b.** and **c.** above is directed.

This exclusion applies:

**1.**     Whether the injury-causing event described in Paragraphs **a., b.** or **c.** above occurs before employment, during employment or after employment of that person;

**2.**     Whether the insured may be liable as an employer or in any other capacity; and

Complaint for Declaratory Judgment – 20

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

3.      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

However, Paragraphs **1.a.** and **2.** of this exclusion do not apply if such "bodily injury" is sustained by any "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

B.      The following exclusion is added to Paragraph **2., Exclusions** of **Coverage B – Personal And Advertising Injury Liability (Section I – Coverages):**

This insurance does not apply to:

"Personal and advertising injury" to:

1.      A person arising out of any:

      **a.**      Refusal to employ that person;

      **b.**      Termination of that person's employment;  or

      **c.**      Employment-related practices, policies,  acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

2.      The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **a., b.** and **c.** above is directed.

This exclusion applies:

1.      Whether the injury-causing event described in Paragraphs **a., b.** or **c.** above occurs before employment, during employment or after employment of that person;

Complaint for Declaratory Judgment – 21

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

**2.**     Whether the insured may be liable as an employer or in any other capacity; and

**3.**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

However, Paragraphs **1.a.** and **2.** of this exclusion do not apply if such "personal and advertising in- jury" is sustained by any "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

4.27    The CGL Policies [Form CG 00 01 04 13], beginning at page 13 of 16, also contains the following relevant Definitions:

**SECTION V – DEFINITIONS**

\*\*\*

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy ofa room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*\*\*

**18.**     "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.**     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

4.28     The CGL Policies also contain the following exclusion [Form PI-SAM-018 (05/19)] which precludes coverage arising out of professional liability:

**ABSOLUTE ABUSE OR MOLESTATION EXCLUSION PROFESSIONAL LIABILITY**

The following exclusion applies to all professional liability coverages afforded in any coverage form or endorsement issued by us. When the applicable professional liability coverage:

A.     Contains an abuse or molestation exclusion, it is deleted in its entirety and replaced with the following; or

B.     Does not contain an abuse or molestation exclusion, the following is added:

Complaint for Declaratory Judgment – 23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

This insurance does not apply to any loss, cost, expense, fine, penalty, act, error and omission, or damage alleging, arising out of or from, attributable to, or giving rise to any injury sustained by any person caused by the alleged, actual or threatened abuse or molestation by anyone.

We shall not have any duty to defend any "suit" against any insured on account of any such injury.

This exclusion applies to all injury sustained by any person, including emotional distress, arising out of molestation or abuse whether alleged, actual or threatened including but not limited to molestation or abuse arising out of your negligence or other wrongdoing with respect to:

**1.**   **a.**   Hiring, placement, employment, training;

      **b.**   Investigation;

      **c.**   Supervision;

      **d.**   Reporting any molestation or abuse to the proper authorities, or failure to so report; or

      **e.**   Retention

of a person for whom any insured is or ever was legally responsible or for whom any insured may have assumed the liability; and whose conduct would be excluded above; or

**2.**   **a.**   Failure to provide professional services to; or

      **b.**   Neglect of the therapeutic needs of,

any person because of the conduct which would be excluded above.

This endorsement is an absolute exclusion for abuse or molestation.

All other terms and conditions remain unchanged.

4.29   Both Policies contain the following exclusion [Form IL 01 23 11 13] which applies to the Commercial General Liability Coverage Part:

Complaint for Declaratory Judgment – 24

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

. . .

COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

. . .

A.      The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to  defend under:

        1.      Section **I** of the Commercial General Liability, Commercial Liability Umbrella, . . .;

        4.      Section **A.** Coverage under the Legal Liability Coverage Form;

        . . .

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

B.      If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs,  are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision  will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

## V.  FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF

    5.1      Philadelphia hereby realleges and incorporates by reference the allegations of paragraphs 1.1 through 4.29 as if set forth verbatim.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

1    5.2    In accordance with 28 U.S.C. §2201, Philadelphia seeks a ruling from this Court

2    that the Policies at issue do not provide coverage for either a defense or indemnity for the Claims

3    or Causes of Action asserted by Cari Dickson or Tara Kane in their Complaint or Claims for

4    Damages to King County, as described above.

5    5.3    The Philadelphia Policies at issue do not provide coverage for claims that do not

6    fall within the scope of coverage or that are excluded by the language of the Policies.  Philadelphia

7    has no duty to defend or indemnify King County as an additional insured under the policies issued

8    to Pioneer because:  (1) King County is only an Additional Insured under the CGL Policies issued

9    to Pioneer; (2) CGL Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265

10   (9/15/2018 to 9/15/2019) contain exclusions [Form PI-SAM-006 (01/17)] for any Abuse or

11   Molestation Claims under that CGL Coverages as defined in that Form; (3) CGL Policy Nos.

12   PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265 (9/15/2018 to 9/15/2019) contain

13   exclusions [Form CG 01 97 12 07] for any employment-related practices including discipline,

14   defamation, harassment, humiliation, discrimination or retaliation; (4) King County is not an

15   additional insured under the Professional Liability coverages issued to Pioneer because no

16   Additional Insured endorsement was requested or issued naming King County as an additional

17   insured with respect to those coverages; (5) Even if King County was deemed an additional insured

18   under the Professional Liability coverage issued to Pioneer, which it is not, the Policies contain an

19   Absolute Abuse or Molestation Exclusion [Form PI-SAM-018 (05/19)] which would preclude

20   coverage for the claims asserted by Cari Dickson and Tara Kane in their Complaint and Claims

21   for Damages to King County; (6) Since under Endorsement [Form PI-GLD-HS (10/11)] at page 9

22   of 12, to CGL Policy Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265

23   (9/15/2018 to 9/15/2019), King County is "an additional insured for "bodily injury," "property

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

damage" or "personal and advertising injury" but only for liability arising out of the negligence of the named insured," Philadelphia has no obligation to defend or indemnify King County for claims arising from its sole negligence or fault.

5.4     Since Philadelphia provided advance notice to Defendant King County that it intended to rely upon the provisions of Form IL 01 23 11 13 entitled "Washington Changes – Defense Costs," which indicates that if Philadelphia initially undertakes the defense of an insured but later determines that none of the claims for which Philadelphia provided a defense are covered under the Policies, Philadelphia seeks a ruling from this Court that it may terminate the defense of Defendant King County and that it is entitled to reimbursement of the defense costs incurred to the date of the withdrawal of the defense.

5.5     An actual and justiciable controversy exists between Philadelphia and Defendants concerning whether there is insurance coverage under Philadelphia Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265 (9/15/2018 to 9/15/2019) for the claims asserted in the Complaint and Claims for Damages to King County asserted by Cari Dickson and Tara Kane.

5.6     In the event that the Court finds that the Philadelphia CGL Policies provide coverage for King County as an additional insured under the CGL policy issued to Pioneer, Philadelphia requests that this Court declare that the claims and causes of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King County are excluded from coverage for either a defense or indemnity by virtue of the exclusion [Form PI-SAM-006 (01/17)] for any Abuse or Molestation Claims contained within Philadelphia CGL Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265 (9/15/2018 to 9/15/2019).

5.7     In the event that the Court finds that the Philadelphia CGL Policies provide coverage for King County as an additional insured under the CGL policies issued to Pioneer,

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

Philadelphia requests that this Court declare that the claims and causes of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King County are excluded from coverage for either a defense or indemnity by virtue of the exclusion [Form CG 01 97 12 07] for any employment-related practices including discipline, defamation, harassment, humiliation, discrimination or retaliation contained within Philadelphia CGL Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265 (9/15/2018 to 9/15/2019).

5.8    Due to the absence of an Additional Insured Endorsement having been issued to King County under the Professional Liability coverage issued to Pioneer, Philadelphia requests that this Court declare that King County is not entitled to coverage under the Professional Liability coverages issued to Pioneer for either a defense or indemnity to the claims and causes of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King County.

5.9    In the event that the Court finds that King County is entitled to coverage as an Additional Insured under the Professional Liability coverages issued to Pioneer, Philadelphia requests that this Court declare that the Absolute Abuse or Molestation Exclusion [Form PI-SAM-018 (05/19)] precludes coverage for the claims and causes of action asserted by Cari Dickson and Tara Kane in their Claim for Damages to King County for either a defense or indemnity under Philadelphia CGL Policies Nos. PHPK2179413 (9/15/2020 to 9/15/2021) and PHPK18802265 (9/15/2018 to 9/15/2019).

5.10    Due to the absence of an Additional Insured Endorsement having been issued to King County under the separate Claims-Made Human Services Organization Professional Liability coverages issued to Pioneer, Philadelphia requests that this Court declare that King County is not entitled to coverage for either a defense or indemnity under that coverage for the claims and causes

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King County.

5.11     In the event that the Court finds that King County is entitled to a defense and/or indemnity under either the CGL, Professional Liability, or other coverages issued by Philadelphia to Pioneer, Philadelphia requests that this Court declare the maximum amounts Philadelphia would be liable for indemnity expenses are those amounts listed in the applicable Limits of Liability stated in the Policy or Policies.

5.12     Philadelphia asserts that any potential coverage of King County as an additional insured under the policies issued to Pioneer is limited or precluded under other further policy language or on other grounds that may restrict or preclude coverage under the Policies.

## VI.  RESERVATION OF RIGHT TO AMEND

Philadelphia reserves the right to amend its Complaint, in whole or in part, as it obtains additional facts and evidence through investigation and discovery.

## VII.  PRAYER FOR RELIEF

Philadelphia prays for the following relief:

For a Declaratory Judgment in its favor that:

7.1     Philadelphia's CGL, Professional Liability, and separate Claims-Made Human Services Organization Professional Liability coverages issued to Pioneer do not provide coverage for the claims asserted against King County for the claims and causes of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King County.

7.2     Philadelphia has no duty to defend King County under the CGL, Professional Liability, or separate Claims-Made Human Services Organization Professional Liability, coverages issued to Pioneer for the claims asserted against King County for the claims and causes

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1  of action asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to

2  King County.

3      7.3    Philadelphia has no duty to indemnify King County under the CGL, Professional

4  Liability, or separate Claims-Made Human Services Organization Professional Liability coverages

5  issued to Pioneer for the claims asserted against King County for the claims and causes of action

6  asserted by Cari Dickson and Tara Kane in their Complaint and Claims for Damages to King

7  County.

8      7.4    Philadelphia is entitled to immediately withdraw its defense of King County for the

9  claims and causes of action asserted by Cari Dickson and Tara Kane in their Complaint for

10 Damages against King County.

11     7.5    Philadelphia is entitled to reimbursement of the defense costs and fees it has

12 incurred in the defense of Defendant King County from the time of its first notice of its intent to

13 rely upon Form IL 01 23 11 13 appended to Philadelphia CGL Policies Nos. PHPK2179413, with

14 effective dates of September 15, 2020 to September 15, 2021, and PHPK18802265, with effective

15 dates of September 15, 2018, to September 15, 2019, entitled "Washington Changes – Defense

16 Costs."

17     7.6    For Philadelphia's attorneys' fees and costs to the extent permitted by law.

18     7.7    For such other and further relief as this Court may deem just and equitable.

19

20

21

22

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3170026 / 1046.0013

1    Dated this 2nd day of August, 2022.

2                                    FORSBERG & UMLAUF, P.S.

3                                    _s/Ryan J. Hesselgesser_
                                     Ryan J. Hesselgesser, WSBA #40720
4
                                     _s/James E. Horne_
5                                    James E. Horne, WSBA #12166
                                     901 Fifth Ave., Suite 1400
6                                    Seattle, WA  98164
                                     Phone:  (206) 689-8500
7                                    rhesselgesser@foum.law
                                     jhorne@foum.law
8
                                     Attorneys for Plaintiff Philadelphia Indemnity
9                                    Insurance Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX